UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHAWN JOSEPH, PH.D.,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPT OF JUSTICE, et al.,<br><br>    Defendants. | Case No. 25-cv-02773-NW<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 1 |

Plaintiff Rhawn Johnson, Ph. D.,[1] filed this action on March 24, 2025 against several dozen government officials and entities.[2] ECF No. 1. Summons was issued that same day. ECF No. 2.

To maintain his suit, a plaintiff must serve a summons and a copy of the complaint in the manner and within the time prescribed by Federal Rule of Civil Procedure 4. "Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice

---

[1] Plaintiff is self-represented. So that Plaintiff is fully informed, the Court notes that the San Jose Courthouse houses a Federal Pro Se Program that provides free information and limited-scope legal advice to pro se parties in federal civil cases. The Program can help determine whether cases might be eligible for appointment of pro bono counsel and can provide referrals to other legal services. Appointments can be made by calling (408) 297-1480. More information is available online at https://cand.uscourts.gov/representing-yourself/federal-pro-se-program-san-jose-courthouse.

[2] The complaint's caption lists the United States District Court for the Northern District of California as a Defendant. Nevertheless, the "rule of necessity" means that the undersigned need not recuse herself. *See Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160, 1163–1165 (9th Cir. 2006) (finding that under the rule of necessity—which allows a normally disqualified judge to hear a case that could not otherwise be heard—a three-member panel was not required to recuse where plaintiff indiscriminately sued all judges of the Ninth Circuit).

to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Plaintiff has not filed a certificate of service showing that any Defendant has been served within the 90-day deadline as set forth in Rules 4(m) of the Federal Rules of Civil Procedure, nor has Plaintiff demonstrated that he complied with the procedures required for serving the government set forth in Rule 4(i).[3]  Accordingly, Plaintiff is ORDERED to show cause why this matter should not be dismissed for failure to timely and properly serve Defendants.  Plaintiff shall file a written response to this order to show cause within 14 days.

Plaintiff also requests leave to file and serve all documents electronically via the CM/ECF system.  ECF No. 22.  As explained more comprehensively in the CAND pro se handbook, "the rules for serving the complaint are different from the rules for serving other documents.  Pro Se Handbook at 11, available at https://cand.uscourts.gov/representing-yourself/pro-se-handbook (emphasis in original).  To maintain his suit, Plaintiff **must serve each Defendant in accordance with Rule 4**.  Plaintiff may use CM/ECF to serve non-case-initiating documents upon Defendants **once he effectuates service upon Defendants.**  *See* Fed. R. Civ. P. 5 (governing service of papers that do not assert a claim for relief).

The Court understands that Plaintiff already has a CM/ECF account, however.  ECF No. 22.  Plaintiff is directed to associate his account with this suit so that he receives Notices of Electronic Filing ("NEFs") from the Court.[4]  As a one-time courtesy, the Court's courtroom deputy will email this order to Plaintiff to ensure he receives these instructions.  Going forward, the Court will presume that Plaintiff receives all Court filings and other notifications when they

---

[3] The United States Attorney's Office notified Plaintiff that he failed to properly serve Defendants on April 15, 2025 and again on May 21, 2025.  ECF No. 15.  That letter correctly notes that Federal Express (oftentimes called FedEx) "is not 'registered or certified mail' under Rule 4(i)(1)." *Id.* (quoting *Lietz v. Drug Enforcement Admin.*, No. 23-35603, 2025 WL 289169, at *1 (9th Cir. Jan. 24, 2025)).  Plaintiff cannot lawfully serve Defendants using FedEx.

[4] If necessary, Plaintiff should reach out to the ECF Help Desk.  The Help Desk can be reached by emailing ecfhelpdesk@cand.uscourts.gov or by calling (866) 638-7829.

are transmitted electronically, and the Court will no longer mail filings and notifications to Plaintiff's address.

**IT IS SO ORDERED.**

Dated: October 31, 2025

Noël Wise
United States District Judge